IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01436-BNB

MICHAEL K. LOLLIS,

    Applicant,

v.

LOU ARCHULETA, Warden FCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant, Michael K. Lollis, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Lollis has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 7) (the "Application") challenging the validity of his convictions and sentences in four cases in the Denver District Court. The pertinent state court case numbers are 08CR541, 08CR1307, 08CR10214, and 08CR10215.

    On July 16, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On August 2, 2013, Respondents filed their Pre-Answer Response (ECF No. 15). On August 26, 2013, Mr. Lollis filed a Reply in Opposition to Respondent[s'] Pre-Answer Response (ECF No. 17).

The Court must construe the Application and other papers filed by Mr. Lollis liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action because the claims in the Application are both untimely and procedurally barred.

## I. BACKGROUND

The factual and procedural history of Mr. Lollis' plea agreement, convictions, and state court postconviction motions was described by the Colorado Court of Appeals as follows:

> In September 2009, pursuant to a plea agreement, defendant pleaded guilty in four separate cases to a total of three counts of sexual assault, one count of criminal attempt to commit sexual assault, and three crime of violence counts, in exchange for dismissal of numerous other felony counts.
>
> The plea documents reflect that, before defendant entered his guilty plea, he was fully advised of his rights, the elements of the offenses, the potential penalties, and the terms of the plea agreement. Defendant confirmed that he understood the entire plea agreement; he wished to plead guilty; his decision to plead guilty was not affected "in any way by alcohol, drugs, or medication"; his plea was knowing and voluntary; he was satisfied with his attorney's assistance; and no one had made promises to him that were not contained in the plea agreement. The parties stipulated that defendant would receive an aggregate sentence of 120 years to life and would not seek reconsideration of his sentences.
>
> Before sentencing, defendant filed a motion to withdraw his guilty plea pursuant to Crim. P. 32(d), asserting that (1) his counsel failed to properly advise him regarding his guilty plea; (2) he was on medication that deprived him of

the ability to understand his plea or that he was even taking a plea; (3) he received ineffective assistance of counsel; (4) he was "under detrimental reliance" because his counsel failed to conduct any investigation; and (5) he "was under duress when accepting the plea."

The trial court appointed alternate defense counsel to investigate defendant's ineffective assistance of counsel claims. Counsel informed the court that there was no legal basis "to file further pleadings to pursue a motion to withdraw [defendant's] plea pursuant to Crim. P. 32(d)" and that counsel would not adopt defendant's pro se motion.

At the sentencing hearing on February 11, 2010, the trial court denied defendant's motion to withdraw his guilty plea. Defendant did not appeal the order denying his Crim. P. 32(d) motion. Thereafter, pursuant to the stipulated sentence in the plea agreement, the trial court sentenced defendant to a total of 120 years to life in prison: thirty-five years to life in Case No. 08CR541; fifteen years to life in Case No. 08CR1307; thirty-five years to life in Case No. 08CR10214; and thirty-five years to life in Case No. 08CR10215.

The trial court denied defendant's pro se Crim P. 35(b) motion for reduction of his sentences, ruling that, as part of the plea agreement, defendant agreed not to seek reconsideration of his sentences.

In March 2011, defendant filed the instant pro se Crim. P. 35(a) and (c) motion, alleging that that [sic] his plea was not knowing, voluntary, and intelligent because his counsel provided ineffective assistance and because he was on medication that deprived him of the ability to understand his plea or that he was even entering a plea. Defendant raised the following claims of ineffective assistance of trial counsel.

- Counsel failed to conduct a thorough pretrial investigation.

- Counsel failed to consult or employ critical witnesses who could have changed the outcome of the case.

3

- Counsel advised defendant not to cooperate with the presentence investigation and the statutorily required sex offender-specific evaluation and failed to challenge the lack of a sex offender-specific evaluation at sentencing.

- Counsel failed to present any defense witnesses or mitigating evidence at sentencing.

- Counsel failed to prepare defendant for his right to allocution before sentencing.

- Counsel failed to appeal the defendant's sentences.

- Counsel's cumulative errors constituted ineffective assistance.

   The trial court construed defendant's motion as a Crim. P. 35(c) motion, stating that defendant did not allege anything regarding the illegality of the sentences imposed and denied the motion in a written order.  The trial court concluded that, even if counsel's advice to defendant not to cooperate with the presentence investigation was constitutionally deficient, defendant failed to demonstrate how he was prejudiced by the lack of a complete presentence investigation report (PSIR), as it would have had no impact on the trial court's determination of the length of his stipulated sentences under the plea agreement.  The trial court also denied defendant's claims that counsel was ineffective during the sentencing hearing and for failing to appeal the sentences, noting that, pursuant to the plea agreement, defendant agreed not to seek reconsideration of his sentences.  Finally, the trial court denied defendant's remaining claims because they were the same or substantially similar to the claims asserted in his Crim. P. 32(d) motion, stating that it was incorporating "its findings and conclusions from the February 11, 2011 order denying Defendant's Motion to Withdraw."  Defendant timely filed this appeal.

*People v. Lollis*, No. 11CA0949, slip op. at 1-5 (Colo. App. May 31, 2012) (unpublished)

(ECF No. 15-9 at 2-6).  The Colorado Court of Appeals affirmed the trial court's order

denying the Rule 35(c) motion. *See id.* Mr. Lollis did not seek review in the Colorado Supreme Court after the Colorado Court of Appeals affirmed the trial court's order.

Mr. Lollis initiated the instant action on June 3, 2013. He asserts the following three claims for relief in the Application:

1. Violation of due process because his guilty plea was involuntary.

2. Ineffective assistance of counsel and violation of compulsory process because counsel failed to investigate Mr. Lollis' mental impairment claims and obtain his mental health records.

3. Violation of his protection against self-incrimination because he entered his guilty plea while his mental ability was impaired.

## II.  ONE-YEAR LIMITATION PERIOD

Respondents first argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>       (D)  the date on which the factual predicate of
>       the claim or claims presented could have been
>       discovered through the exercise of due
>       diligence.
>
>    (2)  The time during which a properly filed application for
>    State post-conviction or other collateral review with respect
>    to the pertinent judgment or claim is pending shall not be
>    counted toward any period of limitation under this
>    subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Respondents assert that Mr. Lollis' conviction became final and the one-year limitation period began to run on March 29, 2010, when the time expired to file a direct appeal following his sentencing on February 11, 2010.

Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time Mr. Lollis was sentenced on February 11, 2010, he had forty-five days to file a notice of appeal following the sentencing. Because Mr. Lollis did not file a notice of appeal, Respondents are correct that the judgment of conviction became final on March 29, 2010[1], when the time to file a direct appeal expired. Mr. Lollis does not argue that his conviction became final on some other date.

The Court also agrees with Respondents that the one-year limitation period began to run on March 29, 2010, because Mr. Lollis does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner, he is not

---

[1] The forty-fifth day after February 11, 2010, was Sunday, March 28, 2010. Therefore, the filing deadline extended until Monday, March 29, 2010. *See* C.A.R. 26(a).

asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

Mr. Lollis did not initiate this action within one year after March 29, 2010. Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*,

167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the one-year limitation period was tolled pursuant to § 2244(d)(2) while the state court postconviction motions Mr. Lollis filed were pending. According to the record before the Court, Mr. Lollis filed a postconviction Rule 35(b) motion in each of his cases on April 12, 2010, and the Rule 35(b) motions were denied at the latest on May 27, 2010. (*See* ECF No. 15-1 at 9-10; ECF No. 15-2 at 8; ECF No. 15-3 at 9; ECF No. 15-4 at 9.) Although Mr. Lollis did not appeal the trial court's orders denying the Rule 35(b) motions, the one-year limitation period was tolled until July 12, 2010, when the forty-five day period to appeal expired.[2]

On March 18, 2011, Mr. Lollis filed in each of his cases a postconviction motion pursuant to Rules 35(a) and (c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 15-1 at 9; ECF No. 15-2 at 8; ECF No. 15-3 at 9; ECF No. 15-4 at 9.) The trial court entered a single order denying that postconviction motion on March 28, 2011. (*See* ECF No. 15-6.) As discussed above, the Colorado Court of Appeals affirmed the trial court's order denying the postconviction Rule 35(a) and (c) motion on May 31, 2012. (*See* ECF No. 15-9.) Pursuant to Rule 52(b)(3) of the Colorado Appellate Rules, Mr. Lollis then had forty-two days to seek certiorari review in the Colorado Supreme Court but he did not do so. As a result, the Rule 35(a) and (c) motion tolled the one-year

---

[2]The forty-fifth day after May 27, 2010, was Sunday, July 11, 2010. Therefore, the filing deadline extended until Monday, July 12, 2010. *See* C.A.R. 26(a).

limitation period until July 12, 2012, when the time to file a petition for writ of certiorari to the Colorado Supreme Court with respect to that motion expired.

To summarize, the one-year limitation period was tolled pursuant to § 2244(d)(2) from April 12, 2010, through July 12, 2010, while the postconviction Rule 35(b) motion was pending, and again from March 18, 2011, through July 12, 2012, while the postconviction Rule 35(a) and (c) motion was pending. However, contrary to Mr. Lollis' assertion in his reply to the Pre-Answer Response, the one-year limitation period did not commence in July 2012 when the state court postconviction proceedings concluded. Instead, as discussed above, the one-year limitation period commenced on March 29, 2010. Thus, any period of time after March 29, 2010, that was not tolled counts against the one-year limitation period.

The Court finds that the 13 days after March 29, 2010, and prior to April 12, 2010, count against the one-year limitation period as do the 248 days after July 12, 2010, and prior to March 18, 2011. Together, the sum of these two periods of untolled time is 261 days. Therefore, when the one-year limitation period began to run again after the state court postconviction proceedings concluded on July 12, 2012, only 104 days (365 - 261 = 104) remained. In the absence of any further tolling, the one-year limitation period expired in October 2012 and the instant action, which was not commenced until June 3, 2013, is time-barred.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and

prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Lollis fails to present any argument that would justify equitable tolling of the one-year limitation period. Therefore, the Court finds no basis for equitable tolling and the Application will be denied as time-barred.

### III. EXHAUSTION OF STATE REMEDIES

Respondents also argue in the Pre-Answer Response that Mr. Lollis' claims in the Application are unexhausted and procedurally barred. The Court agrees.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

**A.  Claim One**

Mr. Lollis contends in claim one that he was denied due process because his guilty plea was involuntary.  More specifically, he contends that his guilty plea was involuntary because of his mental incompetence.  Respondents first contend that, although Mr. Lollis raised a claim that his guilty plea was involuntary in the state court postconviction proceedings, he did not present the claim to the state courts as a federal constitutional claim.  Respondents also contend that the Colorado Court of Appeals rejected the involuntary guilty plea claim as successive because Mr. Lollis had raised the claim in his Rule 32(d) motion and he failed to appeal the denial of that motion.  Although it appears arguable that Mr. Lollis raised a federal constitutional claim challenging his guilty plea as involuntary on the grounds of mental incompetence, the

Court agrees that the claim was not fairly presented to the Colorado Court of Appeals on appeal from the denial of his Rule 35(a) and (c) motion because it should have been raised in an appeal from the denial of the Rule 32(d) motion. Therefore, the Court finds that claim one is not exhausted.

**B. Claim Two**

Mr. Lollis contends in claim two that counsel was ineffective and that his right to compulsory process was violated because counsel failed to investigate Mr. Lollis' mental impairment claims and obtain his mental health records. Respondents contend that this specific claim of ineffective assistance of counsel was not raised by Mr. Lollis in his only appeal to the Colorado Court of Appeals. Based on the Court's review of Mr. Lollis' opening brief on appeal, the Court agrees. Therefore, the Court finds that claim two also is not exhausted.

**C. Claim Three**

Mr. Lollis contends in claim three that his right against self-incrimination was violated because he entered his guilty plea while his mental ability was impaired. Respondents contend that this claim also was not raised by Mr. Lollis in his only appeal to the Colorado Court of Appeals. Based on the Court's review of Mr. Lollis' opening brief on appeal, the Court agrees. Therefore, the Court finds that claim three also is not exhausted.

**IV. PROCEDURAL DEFAULT**

Although Mr. Lollis failed to exhaust state remedies for any of his claims, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Lollis no longer has an adequate and effective state remedy available to him. *See Castille*, 489

U.S. at 351.  It is clear that Mr. Lollis no longer has an adequate and effective state remedy available to him, and that the unexhausted claims are procedurally defaulted, because he is barred from raising the unexhausted claims in a new postconviction motion.  Pursuant to Rules 35(c)(3)(VI) & (VII) of the Colorado Rules of Criminal Procedure, state courts in Colorado must deny any claim raised in a postconviction motion that actually was raised in a prior appeal or postconviction proceeding, or that could have been raised in a prior appeal or postconviction proceeding.  As a result, it is clear that Mr. Lollis may not return to state court to pursue his unexhausted claims.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases."  *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Lollis' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).  Furthermore, even if the unexhausted claims have not actually been raised and rejected by the state courts, the claims still are subject to an anticipatory procedural default if it is clear that the claims

would be rejected because of an independent and adequate state procedural rule.  *See Coleman*, 501 U.S. at 735 n.1.

The Court finds that Rules 35(c)(3)(VI) & (VII) of the Colorado Rules of Criminal Procedure are independent because they rely on state rather than federal law.  The Court also finds that these procedural rules are adequate because they are applied evenhandedly by Colorado courts.  *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VI) & (VII) to reject claims actually raised in prior postconviction motion or that could have been raised in a prior postconviction motion).  In addition, Mr. Lollis presents no argument that these rules are not independent and adequate.  Therefore, the claims Mr. Lollis asserts in this action are procedurally defaulted and cannot be considered unless he demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Lollis must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Lollis can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496.

Mr. Lollis raises no argument that might demonstrate good cause for his procedural default or any resulting prejudice.  He also fails to demonstrate or argue that a failure to consider his unexhausted claims will result in a fundamental miscarriage of justice.  Therefore, the Court finds that his claims in the Application are procedurally barred and the Application also will be dismissed for that reason.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application (ECF No. 7) is denied and the action is dismissed because the claims in the Application are both untimely and procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  6th  day of    September   , 2013.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court